Spear, C. J.
The controversy relates to the priority of liens upon certain lands in Geauga county, and, as presented to this court, involves only the contending claims of the plaintiff in error, The Pioneer Trust Company, and the defendant in error, Dwight A. Austin, county treasurer. The Company rests its claim upon a mortgage by the owner of the land, to it, dated May 8, 1900, and entered of record May 17,1900, given to secure a note of that date for $1,000; the Treasurer bases his claim upon a Dow tax assessment covering the years 1900, 1901,. and 1902, though not entered on the duplicate until June 25, 1902. The Company began its action in foreclosure July 9, 1902, in the common pleas, the Treasurer coming in by answer and cross-petition January 9, 1903. After trial in the common pleas the cause was appealed by the Treasurer to the cir-> cuit court. There a motion to dismiss the appeal was interposed, which was overruled. On trial the court found that the lien of the state for the Dow law tax was superior to that of the plaintiff on its mortgage, and rendered judgment accordingly; also ordering a sale of the premises. No controversy exists as to the amount due on any claim; the only *461 contest being as to priority of liens. Amórig other facts specially found by the circuit court, it was found that at the time of the execution of the mortgage the premises were not and had never been within or near any village or city, and had never been used for the sale of liquor; that September 30, 1900, an election was held in the township where the land is located by which the business of trafficking in intoxicating liquors therein was made unlawful, which regulation still continues; that the tax was entered on the duplicate by the auditor upon information that liquor had been clandestinely sold upon the premises by the then owner, the assessment being for all the period beginning June 21, 1900, up to and including May 20, 1903, which was found to amount to $718.43; that the plaintiff had no knowledge of any sale of liquor on the premises at any time; nor were the premises adapted to such sale; nor was there anything at the time the mortgage was givéri about the premises from which any one could or should have taken notice of any probability of any liquor being sold thereon.
Two questions are presented. One, did the circuit court err in overruling the motion to dismiss the appeal; and two, was the lien of the Dow law tax assessment superior to that of the mortgage?
It is contended by plaintiff in error that the motion to dismiss should have been sustained because there was no legal notice of intention to appeal; no notice of appeal given any time; no undertaking in appeal given at all, and lastly, that the cause itself was not an appealable cause.
The notice was in this form, viz.: “Notice of Intention to Appeal (Filed Jan. 16,1903). Now comes the defendant, Dwight A. Austin, Treasurer, and *462 gives notice of Ms intention to appeal tMs case to the circuit court. H. O. Bostwick, Attorney for Defendant, Dwight'A. Austin, Treasurer.”
We think the objection is answered by Kenton v. Board of Education, 70 Ohio St., 172. The form of notice was sufficient.
As to the time within which the notice should be given the case was controlled by section 5227, Revised Statutes, as amended March 25, 1902. That section provides that the written notice shall be filed within three days after judgment is entered on his docket by the trial judge. It is sufficient to say that there is nothing in the printed record to show that the notice was not filed within the time above prescribed.
Regarding the failure to give bond it is enough to call attention to section 5228, Revised Statutes, by which it is distinctly provided that a county treasurer, when a party in his official capacity, is exempt from the general requirement of giving bond when he desires to appeal.
The last objection is, we think, also without substance. There being no question as to the several amounts due, but the only question in dispute being one respecting priority of liens, the cause was appealable. Fleming v. Kerkendall, 31 Ohio St., 568; Alsdorf v. Reed, 45 Ohio St., 653.
There remains the serious question as to the priority of the liquor tax as a lien to the lien of the plaintiff’s mortgage. It is not an entirely new question in this court, although there is no fully imported case upon the subject. People’s Building & Loan Co. v. Hanson, 63 Ohio St., 590, error to the circuit court of Ashtabula county, wherein the judgments of the courts below were affirmed for reasons given by *463 the judge who tried the case in the common pleas,. 5 N. P., 162, governs the general question. ■ The judgment rendered was that the tax had priority of lien over a previously recorded mortgage, and the reasoning of the learned judge of the common pleas having been approved by this court as supporting the judgment, we content ourselves with reproducing the substance of the opinion upon the point involved. The .contention in that case in favor of the mortgage-lien was that the tax lien could not extend back of the fourth day of May, 1896, when it first attached as a lien and therefore was subject to the prior mortgage lien of the plaintiff. To this the opinion responds that the question whether a mortgage might be made under such circumstances that it would beheld in equity to be superior to the subsequent lien for a Dow tax is argued. If. such a defense could, under any circumstances, be maintained in equity,, the burden would be upon the party claiming it to plead and prove the facts relied upon to sustain it. But that question does not arise in this case. The opinion then proceeds to show that the assessment, on the traffic of intoxicating liquors provided for by the Dow law, is to be collected as a tax, and cites-among others the case of Adler v. Whitbeck, 44 Ohio St., 539, by which decision it is clearly held that the assessment is a tax and that it is within the power of the general assembly to impose it and to provide, as the law does provide, for its collection by the treasurer as other taxes are collected. The laws in force at the time and place where a contract is made, and where it is to be performed, which in their ■nature are applicable, enter into and become a part •of the contract, and the contract, as well as subsequent legislation, is to be construed, with respect to- *464 its efficacy as well as its meaning in the light of all •such statutes as are applicable. Sections 2838, 2853, 2854, 1104, 2285, 6044, and 6090, Revised Statutes, are each applicable and were in force at the time the Dow law (now sections 4364-9 and following) was ■enacted, and when each and all of the mortgages mentioned were executed and became liens. The Dow law, therefore, is to be construed with these sections, and the plaintiff’s rights as to lien under its mortgage measured by them. By these sections it is enacted that taxes and assessments and the liens for them, are preferred over liens securing the claims of general creditors; that special assessments shall be payable by the owners of the property assessed by the time stipulated in the ordinance, and shall be a lien from the date of the assessment upon the lands assessed, and such assessments are given precedence over prior liens by mortgage for purchase money. Brewing Co. v. Westmeier, 4 O. C. C., 296; Clifton v. The City, 3 L. B., 272. It is further enacted that the lien of the state for taxes levied for all purposes in each year shall attach to all real property subject to such taxes, and shall continue until such taxes, with any penalty which shall accrue thereon, shall be paid; that any lien-holder may pay the taxes, so far as the same are a lien upon the mortgaged premises and hold the lien therefor, preferred to all other liens; that in all judicial sales the court shall order the taxes and penalties, and interest thereon, to be discharged out of the proceeds of said sale; that on failure of the treasurer to make the amount due and unpaid thereon by levy, or any part thereof, the auditor shall place the amount due and unpaid upon the tax duplicate against the real estate in which the traffic *465 is carried on, and the amount shall be collected as ■other taxes and assessments on said premises; that if the tax is not paid when due the treasurer is directed to proceed under section 1104 to enforce the lien therefor upon the real estate, and section 1104 provides that the treasurer may enforce the lien for the tax or assessment by civil action in his own name as treasurer for the sale of the premises in the court of common pleas without regard to the amount ■claimed in the same way mortgage liens aré enforced. These provisions of the statute, therefore, applied to and controlled the case at its inception. The Dow tax for 1896 had attached and was a subsisting lien upon the premises at and before this action was commenced. The treasurer was a necessary party to the action, and has filed his cross-petition in full compliance with section 1104, thé section which provides that the court shall order a sale of the premises, and that the tax, penalties and interest thereon, shall be first paid out of the proceeds of the sale. And so we find that by the sections cited the state is not only given a lien for all unpaid taxes, but that such lien is given precedence over all others, and the court is thus required to order that the premises be sold and to further order that the proceeds of the sale be first applied to the payment of the lien for taxes; thereby necessarily giving a lien for any tax precedence over all other liens, save taxes, whether prior or subsequent thereto in date.
This court was satisfied with the conclusions reached by the learned trial judge and the reasons supporting them when the case was here for review and remains satisfied, so that, unless there be some distinction between that case and the one at bar re *466 quiring a different conclusion, we decide our present case by following the other.
Coming now to the case in hand, counsel insist that since each case, must be determined upon its own particular facts, and the facts in the case at bar being essentially different from those in the case affirmed by this court in 63 Ohio St., 590, a different judgment is required in this ease. They cite Markle v. Newton, 64 Ohio St., 493, and emphasize the observation of Williams, J., at pages 501 and 502 of that volume. The learned judge, commenting upon an argument of plaintiff founded. upon supposed inconveniences and hardships which would attend the enforcing of the lien against one who has purchased property in good faith in ignorance of a traffic in liquor secretly carried on therein, makes the observation that if the commencement of the lien as against third parties dealing .with the property, be limited to the year in which the tax is entered upon the duplicate, the apprehended consequences could not result, as the duplicate would have the effect of notice, and adds the somewhat obvious comment that what the rights of a purchaser may be, against the state, must depend upon the facts of his case. However, as the court then had no such case before it he forbore discussion of it. But the question before the court was as to the power of the auditor to enter upon the duplicate taxes on the business omitted in previous years, and upon this question the holding is, as expressed in the syllabus, that such taxes omitted may be entered on the duplicate of the current year, and collected as other taxes. The syllabus controls even though the expression of the judge should be thought to indicate a state of *467 mind favorable to tbe contention of counsel upon a > question not before tbe court. We fail to see how tbe ease cited aids tbe contention of counsel in this case.
Counsel insist that tbe case at bar is further distinguished from that of tbe Association v. Hanson, supra, by the fact that in this case tbe circumstances as found by tbe circuit' court show tbe presence' of tbe precise equitable considerations foreshadowed by tbe trial judge when be intimated that there might be equitable considerations which would make inapplicable tbe severe provisions of tbe statute. • Those considerations are found, they argue, in tbe facts that, at tbe time of tbe giving of tbe mortgage, there was no reason whatever to suspect that any violation of tbe liquor law would occur on the premises, and that the plaintiff bad no cause to suspect tbe owner would in any manner violate tbe law, but was justified in tbe belief that be wbuld in all respects observe tbe law, and so believing, in good faith invested its money, thus presenting an equitable consideration entitling tbe plaintiff to immunity from the consequences visited upon tbe mortgagee in tbe other case. And yet this proposition meets with an answer which has a reasonably satisfactory basis upon tbe terms of tbe statute. It will be recalled that it is provided, section 4364-9, that there shall be laid upon the business of trafficking in intoxicating liquors, to be assessed yearly, tbe sum of $350.00,. and by section 4364-10, that tbe assessment, together-with any increase thereof as penalty thereon, shall attach and operate as a lien upon tbe real property on and in which such business is conducted, as of the-fourth Monday in May, each year. In tbe light of' tbe bolding in Markle v. Newton, supra, and when tbe *468 general scope and purpose of our tax laws is considered, it can hardly be seriously insisted that because the party has escaped assessment in any year, although the traffic has been carried on, it is beyond the power of the auditor to enter the assessment for previous years. The burden on the business is laid .“yearly” and the burden is not lifted simply because the entry hasn’t been made in the particular year by the auditor. In other words, it is the duty of the auditor to enter the assessment for "such years as the traffic has been continued so soon as he discovers the fact of such traffic, as is in effect held in Markle v. Newton, supra. When to this duty is added the further requirement that, in the collection by suit by the treasurer against the land the premises shall be ordered sold and from the proceeds the lien for taxes first paid, it would seem to follow that there is no room for equitable considerations, and that however unfortunate the result may prove to the mortgagee, and however innocent and free from fault such party in the given case may be, nevertheless, the power existing, it is a question for the law-making body alone as to how far the exercise of the power shall be carried. In other words, if the assessment upon the traffic is a tax, as held in all the cases, and if omitted taxes may be entered upon the duplicate and collected as other taxes, as held in Markle v. Newton, supra, and if, upon a sale of the property it is the duty of the court to order that the proceeds of the sale be first applied to the payment of the lien for taxes, as held in People’s Building & Loan Association v. Hanson, supra, it is difficult to see how it is possible for a court to give a mortgagee relief even though he has acted in good faith and his lien antedates the tax. *469 The case is one of extreme hardship, and yet as the law stands it is to be enforced. Whether an amendment might be engrafted upon one of the sections which would relieve bona fide mortgagees and purchasers without leaving a door open for the escape of the unscrupulous, may well receive the serious consideration of the general assembly. It is possible that the framers of our tax laws were influenced by the consideration that if the state should be postponed in its lien for taxes to mortgagees, even though prior as to entry, it would be possible for the owner to so burden his property with mortgages as to make the collection of taxes an impossibility.' But whether this or a better reason operated to bring about the legislation we need not inquire; suffice it that thus saith the law.
Our conclusion is that the circuit court did not err in giving preference to the state’s claim for taxes over that of the plaintiff’s prior mortgage. Its judgment will therefore be
. Affirmed.
Davis, Shauck, Price, Crew and Summers, JJ., concur.